**Eddie Dwight SWAIN, Plaintiff,**

v.

**Vickie SWAIN, et al., Defendants.**

**Civ. A. No. W83–0082(B).**

United States District Court,
S.D. Mississippi, W.D.

Oct. 11, 1984.

John T. Green, Stratton Bull, Jr., Natchez, Miss., for plaintiff.

4. January 16, 1978 is sixty days before the date on which Katherine Bouchard filed her action.

George Phillips, U.S. Atty., Jackson, Miss., for Charles O. Guy and Sylvia H. Wren.

Darold L. Rutland, State Dept. of Public Welfare, Jackson, Miss., for State Dept. of Public Welfare.

W. Bruce Lewis, Handy, Fitzpatrick, Gwin & Lewis, Natchez, Miss., for Health & Social Services Dept. of the State of New Mexico and Carrell Ray.

## ORDER AND MEMORANDUM OPINION

BARBOUR, District Judge.

### FACTUAL HISTORY

On March 13, 1973, the Plaintiff, Eddie Dwight Swain, and one of the Defendants, Vickie Swain, were granted a divorce in the Chancery Court of Adams County, Mississippi, Cause No. 23,912. This divorce decree granted custody of the couple's daughter to Vickie Swain and set child support payments at $35.00 a month for the first six months, and $50.00 a month thereafter. Subsequently, Vickie Swain left the State of Mississippi and went to the State of New Mexico with the couple's daughter. On May 2, 1978, the Health and Social Services Department of the State of New Mexico, allegedly without notice to the Plaintiff, declared an arrearage of $1,835.00 due from Plaintiff. Proceedings were certified to the Chancery Court of Adams County, Mississippi, under the Uniform Reciprocal Enforcement of Support Act, in Cause No. 27,736. On August 17, 1979, the Chancery Court of Adams County entered an order in the URESA action, Cause No. 27,736, declaring payments of $50.00 a month due from Plaintiff, starting on September 1, 1979. One week thereafter, on August 24, 1979, the Chancery Court of Adams County entered its Supplemental Order stating that the Plaintiff was not in default of child support payments under the 1973 divorce decree. This Order was signed for approval by the attorney for the Mississippi State Department of Public Welfare, K. Maxwell Graves. No appeal was taken from this Order by either party.

On September 22, 1980, an "Application for Internal Revenue Collection of Child Support" was filed with the Federal Department of Health, Education and Welfare by the New Mexico Office of Child Support Enforcement based presumably on the August 17, 1980 URESA Order from the Adams County Chancery Court for arrearage of $4,350.00 due from Plaintiff. On October 22, 1980, the Department of Health, Education and Welfare certified the Application to the Internal Revenue Service under 26 U.S.C. Section 6305 (Supp.1984). On November 24, 1980, the Internal Revenue Service made an assessment against the Plaintiff in the amount of $4,355.00, representing the arrearage claimed of $4,350.00 plus a $5.00 fee imposed by the IRS. Sometime thereafter the Plaintiff was given credit for certain payments and the arrearage was reduced to $3,505.00. On March 24, 1982, an agent of the Internal Revenue Service wrote to the Plaintiff with a demand for payment of this arrearage. Subsequently, a final demand for payment was made by the IRS to the Plaintiff. On May 31, 1982, a Notice of Levy was served by the IRS on the Plaintiff's employer, I.B.M. On June 1, 1982, the Plaintiff paid $3,505.00 to the IRS to release this Lien. On October 5, 1982, the IRS District Director, Charles O. Guy, disallowed the Plaintiff's claim for a refund of this $3,505.00.

On April 4, 1983, the Plaintiff filed a complaint in the Chancery Court of Adams County, Mississippi, against Vickie Swain, the Health and Social Services Department of the State of New Mexico, Carrell Ray (Assistant Attorney for the State of New Mexico), the State Department of Public Welfare of the State of Mississippi, Charles O. Guy (ex-District Director of the IRS in Jackson, Mississippi) and Sylvia H. Wren (present District Director for the IRS in Jackson, Mississippi). This action was removed by the U.S. Attorney's Office to this Court pursuant to 28 U.S.C. § 1442(a). On July 26, 1983, the Plaintiff filed an Amended Complaint adding as a Defendant Mar-

garet Heckler, Secretary of Health and Human Services.

## ISSUES RAISED IN PLEADINGS

The Plaintiff's Complaint quite simply alleges that the IRS, acting on a void URESA proceeding, filed a tax lien on the Plaintiff's employer in the amount of $3,505.00, which the Plaintiff immediately paid. The Complaint also alleges that a tax refund due the Plaintiff for the year 1982 was temporarily held up by the IRS but subsequently sent to the Plaintiff. The Complaint alleges that all of the Defendants acted wrongfully to deny the Plaintiff of due process of law, and the Complaint sought a refund of the $3,505.00 paid by the Plaintiff and damages in the amount of $30,000.00 for the wrongful withholding of his 1982 tax refund, the levy resulting from the wrongful URESA proceeding and the social and emotional humiliation and embarrassment suffered by the Plaintiff as a result of the alleged wrongful actions of the Defendants. The Complaint also seeks $5,000.00 in attorneys fees under the Equal Access to Justice Act.

On September 22, 1983, the State Department of Public Welfare of Mississippi filed a Motion to Dismiss under F.R.Civ.P. 12(b) based on six grounds, only two of which were argued in their Brief in support of this Motion: (1) that the action was barred by the eleventh amendment, and (2) that service of process on a former, and on a present duly appointed staff attorney of the Child Support Unit of the State Department of Public Welfare was insufficient service of process upon the State Department of Public Welfare.

On October 11, 1983, the Health and Social Services Department of New Mexico and Carrell Ray filed their Motion to Dismiss under F.R.Civ.P. 12(b) based upon the same grounds raised in the Motion to Dismiss of the Department of Public Welfare of Mississippi. Again, only two of these grounds were argued by brief: (1) the action was barred by the eleventh amendment, and (2) lack of in personam jurisdiction over these defendants by virtue of insufficient service of process upon a former and present attorney of the Child Support Unit of the State Department of Public Welfare of Mississippi, as "agents" for the Department of Health and Social Services of the State of New Mexico and Carrell Ray, and by service on the Secretary of State of the State of Mississippi pursuant to Mississippi's "long-arm statute", *Miss. Code Ann.* § 13–3–57 (1972).

On October 11, 1983, the Federal Defendants, Charles O. Guy, Sylvia H. Wren, and Margaret Heckler filed their Motion to Dismiss under F.R.Civ.P. 12(b), raising the following grounds, all of which were argued in their brief: (1) the action is barred by the doctrines of sovereign immunity and official immunity, (2) lack of subject matter jurisdiction, (3) the claim is barred by 26 U.S.C. Section 6305(b), and (4) the Complaint fails to state a claim against the Federal Defendants upon which relief can be granted.

## ANALYSIS OF ARGUMENTS

The United States Congress enacted several statutory provisions for using the Internal Revenue Service to reimburse state welfare agencies for payments made to dependent children in situations where the parent or parents of the children owed court ordered child support payments in support of these children. 26 U.S.C. § 6402 (Supp.1984) grants the IRS the right, upon proper notification from the state welfare agency and the department of HEW to intercept tax refunds due defaulting parents and forward them to the state welfare agency which had been making welfare payments to dependent children and which had received an assignment of the child support rights concerning that child. This procedure is known as the "transfer" collection method. 26 U.S.C. § 6305 (Supp.1984) grants the IRS the right, again upon proper certification from the state and federal agencies, to assess a tax against the defaulting parent to make up the delinquency in child support payments. This method is known as the "assessment" collection method. What is at

issue in this case is the Section 6305 "assessment" statute. Although there have been a few recent challenges to the Section 6402 "transfer" collection statute, there appear to have been no suits involving direct interpretation of Section 6305. Suits challenging Section 6402 have generally been allowed to proceed over immunity objections by defendants, and have often resulted in decisions declaring Section 6402 unconstitutional. *See, e.g., Nelson v. Regan,* 731 F.2d 105 (2d Cir.1984); *Marcello v. Regan,* 574 F.Supp. 586 (D.R.I.1983); *Sorenson v. Secretary of Treasury of the United States,* 557 F.Supp. 729 (W.D. Wash.1982). These suits sought declaratory relief rather than money damages from the public agencies involved. In *Vidra v. Egger,* 575 F.Supp. 1305 (E.D.Pa.1983) the complaint sought repayment of the intercepted refund. This suit was dismissed, the court holding that repayment was barred by the eleventh amendment.

The reason for a lack of federal court judicial action with regard to Section 6305 is clear upon examination of sub-section (b) of that statute. This sub-section provides as follows:

> No court of the United States, whether established under Article I or Article III of the Constitution, shall have jurisdiction of any action, whether legal or equitable, brought to restrain or review the assessment and collection of amounts by the Secretary under subsection (a), nor shall any such assessment and collection be subject to review by the Secretary in any proceeding. This sub-section does not preclude any legal, equitable, or administrative action against the State by an individual in any State court or before any State agency to determine his liability for any amount assessed against him and collected, or to recover any such amount collected from him under this section.

Treasury Regulations Section 301.6305–1(d) reiterate that neither the federal courts nor the Secretary of the Treasury have jurisdiction to review the assessment or collection of certified amounts in any legal, equitable or administrative proceeding. The regulation specifically provides that the state court or state agency is the only forum for reviewing the assessment for collection of the certified amounts. The reasoning behind this jurisdictional limitation is apparent. The individual state agencies make the original certification of amounts due from the defaulting parents and these agencies ultimately receive the disputed money as reimbursement for funds they have spent in aid to dependent children. Any action to test the validity of the original certification and to recover any funds wrongfully withheld should logically be brought against the state agency involved. It is the congressional intent that these actions be heard in the individual state court systems, and not in the federal court system.

For whatever reason, the Chancery Court of Adams County declared the Plaintiff in compliance with the 1973 divorce decree, thereby effectively absolving him of liability for the past due child support payments. Whether acting with or without knowledge of this Order, the Department of Health and Social Services of the State of New Mexico filed an "Application for Internal Revenue Collection of Child Support" with the Department of HEW on September 22, 1980. The assessment of this tax under Section 6305 directly followed this certification by the Department of Health and Social Services of New Mexico. The gravamen of the Plaintiff's Complaint is that the Department of Health and Social Services should not have obtained the $3,505.00 from the Plaintiff because the Chancery Court of Adams County had absolved the Plaintiff of liability for the arrearage through September 1, 1979. (It seems worthy of note, however, that the Plaintiff would still be liable for any arrearage occurring between September 1, 1979, and the date of the Application for Collection, on September 22, 1980, conceivably as much as $600.00).

This lawsuit quite clearly seeks the review of an assessment made under Section 6305 and is, therefore, barred in this Court pursuant to Section 6305(b). The proper

forum for bringing this action is before the state courts of New Mexico, or, if appropriate, before the Department of Health and Social Services of the State of New Mexico as an administrative proceeding. The Court is therefore of the opinion that this action must be dismissed for lack of subject matter jurisdiction.

It is unnecessary to reach the other grounds raised by the Defendants in their Motions to Dismiss. The Court notes, however, that the Complaint does not allege any individual actions by the named Defendants, outside the scope of their official duties, and therefore does not state a claim against these Defendants for their actions unless they knew, or should have known by established authority existent at the time of making the action, that their actions were wrongful. *See, e.g., Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

Furthermore, with regard to the state defendants' eleventh amendment claims of immunity, *Edleman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) limits federal judicial remedial power to prospective injunctive relief and prohibits retroactive awards from a state's treasury. The case relied upon by the Plaintiff in response to the eleventh amendment immunity argument is *Berk v. Laird,* 429 F.2d 302 (2d Cir.1970). *Berk* dealt with a complaint seeking injunctive relief to prevent the government from sending the plaintiff, a soldier, to the Viet Nam conflict. The principal case upon which *Berk* relied for authority in allowing the injunctive action to proceed against the government was *Larson v. Domestic and Foreign Commerce Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1948). *Larson* dealt with an action seeking injunctive relief declaring that the War Assets Administration sell certain coal to the plaintiff. Both *Berk* and *Larson* dealt with injunction actions against the government, not requests for monetary relief. The *Berk* court stated:

> Sovereign immunity is no bar to this action, since the complaint alleges that agents of the Government have exceeded

their constitutional authority while purporting to act in the name of the sovereign. ... The requested relief does not require affirmative governmental action, but only that the agent involved cease certain allegedly improper conduct.

*Id.* at 306. Neither of these cases appear to circumvent the *Edleman* prohibition against actions for monetary relief against governmental entities.

Accordingly, the Court is of the opinion that this action must be dismissed for lack of subject matter jurisdiction.