Thomas W. **PRESTWICH**,
Plaintiff, Appellant,

v.

**INTERNAL REVENUE SERVICE**,
Defendant, Appellee.

No. 85–2029.

United States Court of Appeals,
First Circuit.

Submitted June 6, 1986.

Decided July 30, 1986.

Thomas W. Prestwich, on brief, pro se.

Michael L. Paup, Richard Farber, Laurie A. Snyder, Tax Div., Dept. of Justice, Roger M. Olsen, Acting Asst. Atty. Gen., and William F. Weld, U.S. Atty., on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, COFFIN and TORRUELLA, Circuit Judges.

PER CURIAM.

This case is before us on appeal by plaintiff/appellant *pro se*, Thomas W. Prestwich, from dismissal of his complaint and request for injunction seeking the removal of a federal tax lien filed against his property pursuant to 26 U.S.C. § 6305(a).[1] Section 6305(a) allows states, with approval from the Secretary of Health and Human Services (HHS), to collect past-due child support through the Internal Revenue Service (IRS).

Under section 402(a)(26) of the Social Security Act, 42 U.S.C. § 602(a)(26), applicants for welfare benefits under the Aid to Families with Dependent Children (AFDC) program must assign to the state any rights they may have to child support. In order to seek assistance from the federal government in collecting the support, the state must show (1) that the assigned right is imposed upon the obligor parent by a court order and (2) that the state, despite having made diligent and reasonable efforts to collect, has failed to do so. 42 U.S.C. § 652(b). Procedural considerations require that the state certify to HHS the amount of past-due child support. HHS then certifies the amount to the Secretary of the Treasury for collection by the IRS. *Id.*

In the case at bar, on May 16, 1983, the Department of Human Resources of Connecticut (Child Support Division) certified[2] to HHS a past-due child support obligation owed by appellant to his former wife accrued during the period September 1, 1979 to August 15, 1981 in the amount of $6,674.77. This was then certified to the IRS. The IRS proceeded to make the assessment against Prestwich and to issue a

notice and demand for payment. Upon failing to receive payment, in late 1983 the IRS filed a notice of the federal tax lien in the Clerk's Office of the United States District Court for the District of Massachusetts.

Prestwich filed his suit alleging that the debt had been paid. The district court dismissed the complaint finding that jurisdiction was precluded under 26 U.S.C. § 6305(b). Prestwich appealed.

26 U.S.C. § 6305(b) is clear on the matter of jurisdiction:

> No court of the United States, whether established under article I or article III of the Constitution, shall have jurisdiction of any action, whether legal or equitable, brought to restrain or review the assessment and collection of amounts by the Secretary under subsection (a), nor shall any such assessment and collection be subject to review by the Secretary in any proceeding. This subsection does not preclude any legal, equitable, or administrative action against the State by an individual in any State court or before any State agency to determine his liability for any amount assessed against him and collected, or to recover any such amount collected from him, under this section.

An explanation supporting this provision was given by the court in *Swain v. Swain*, 604 F.Supp. 181, 184 (S.D.Miss.1984):

> The reasoning behind the jurisdictional limitation is apparent. The individual state agencies make the original certification of amounts due from the defaulting parents and these agencies ultimately receive the disputed money as reimbursement for funds they have spent in aid to dependent children. Any action to test the validity of the original certification and to recover any funds wrongfully withheld should logically be brought

---

1. 26 U.S.C. § 6305(a), in pertinent part, provides:

   Upon receiving a certification from the Secretary of Health, Education, and Welfare, under section 452(b) of the Social Security Act with respect to any individual, the Secretary [of the Treasury] shall assess and collect the amount certified by the Secretary of Health, Education, and Welfare, in the same manner, with the same powers, and (except as provid-

   ed in this section) subject to the same limitations as if such amount were a tax imposed by subtitle C the collection of which would be jeopardized by delay, ....

2. On appeal Prestwich argues that no certification exists. While not submitted to this court as part of the record, the certification appears in an appendix to the government's brief.

against the state agency involved. It is the congressional intent that these actions be heard in the individual state court systems, and not in the federal court system.

It is evident that section 6305 merely authorizes the IRS to use its extensive collection mechanisms to facilitate reimbursement of child support obligations assigned to the states. The IRS, so to speak, is acting as a collection agent and has no role in the determination of the debt. Section 6305(b) therefore reflects the logical intent of Congress to keep the IRS from becoming embroiled in matters between states and individuals in which the federal agency has no direct involvement.

On appeal, Prestwich appears to be primarily concerned with what he claims is a lack of the required certification. Appellant's own exhibit submitted to this court refers to HHS "reporting [him] as a non payer of child support." Additionally, an affidavit of the United States attorney, uncontradicted by appellant, states that officials of the IRS informed him that the assessment was made pursuant to certification by HHS. Apart from Prestwich's conclusory statements on this matter, briefly mentioned in his objections to the magistrate report, we find nothing to create an issue of fact as to whether the certification procedure at the federal level was properly followed. We therefore need not decide whether federal jurisdiction on that issue would also be barred by Section 6305(b).

In his complaint, Prestwich states that "the amount of monies have been paid." In his objections to the magistrate's report and recommendation, appellant states that "[i]n this matter [the] IRS refused my offer for a token weekly payment or refused to negotiate any type of partial settlement." It appears that appellant's real objection is to the debt itself, not to the procedural certification. This is *exactly* the type of entanglement from which Congress excluded participation by the federal courts. As recommended by the Section 6305(b) this grievance is properly directed to the state administrative or judicial forums.

*Affirmed.*