In re David Michael **FULLMER, Debtor,**

David Michael **FULLMER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

In re Peggy Marie McCarty **FULLMER, Debtor.**

Peggy Marie McCarty **FULLMER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

Nos. 90–8073, 90–8074.

United States Court of Appeals, Tenth Circuit.

April 28, 1992.

---

Georg Jensen, Cheyenne, Wyo., for appellants.

David A. Hubbert, Atty., Tax Div., Dept. of Justice, Washington, D.C. (Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen and Gary D. Gray, Attys., Tax Div., Dept. of Justice, Washington, D.C., and Richard A. Stacy, U.S. Atty., D. Wyo., of counsel, with him on the brief), for appellee.

Before McKAY, Chief Judge, BARRETT and BRORBY, Circuit Judges.

McKAY, Chief Judge.

In this consolidated appeal, David Michael Fullmer and Peggy Marie Fullmer challenge a Bankruptcy Court ruling allowing claims filed by the Internal Revenue Service ("IRS") in the Fullmers' separate bankruptcy proceedings. Mr. Fullmer also objects to the IRS's application of portions of his payments to certain tax claims.

### I.

Mr. Fullmer, doing business as Fullmer Construction Equipment Co. and as R & M Automotive and Truck Repair, filed a Chapter 11 bankruptcy petition on May 14, 1982. Pursuant to that proceeding, the IRS filed a proof of claim against Mr. Fullmer on June 10, 1982, for $52,778.29. This claim reflected debts arising prepetition for un-

paid taxes and child support. The Department of Health and Human Services ("HHS") had requested that the IRS collect the unpaid child support pursuant to 26 U.S.C. § 6305 (1989) of the Internal Revenue Code.[1] Mr. Fullmer objected to the IRS's claim. He contended the IRS had failed to credit him for payments he had already made toward the taxes claimed. Pursuant to Mr. Fullmer's objections, the Bankruptcy Court entered an order on July 26, 1984, setting Mr. Fullmer's *potential* liability as of June 10, 1982, at $38,296.86 subject to IRS verification of Mr. Fullmer's claimed payments.

Mr. Fullmer's plan for reorganization was confirmed on April 11, 1984. Following confirmation, Mr. Fullmer paid the IRS $38,296.86 in two installments. The IRS applied a portion of the $38,296.86 to Mr. Fullmer's unpaid child support obligations. The balance of the payment was applied to unpaid prepetition taxes as well as interest and penalties that had accrued on those taxes both pre- and postpetition. Upon further investigation, the IRS discovered that Mr. Fullmer had not in fact made the payments he claimed to have made when he objected to the IRS's June 10, 1982, proof of claim. The IRS determined that Mr. Fullmer owed an outstanding prepetition liability of $11,366.72 in taxes, interest and penalties. Accordingly, the IRS filed an amended proof of claim for this amount on December 3, 1986. At the same time, the IRS filed a request for payment of administrative expenses for $20,512.24. This request reflected postpetition taxes incurred both before and after confirmation of Mr. Fullmer's plan and further unpaid child support requested by HHS pursuant to 26 U.S.C. § 6305.

Mrs. Fullmer filed a Chapter 13 bankruptcy petition on April 14, 1986. On December 3, 1986, the IRS filed a proof of claim in that proceeding for $38,494.17. The claim asserted that Mrs. Fullmer was a partner in Mr. Fullmer's business and thus liable for accrued taxes, interest and penal-

---

1. During the course of this case, the sections referred to herein have been subjected to minor changes with respect to both language and numerical citation. The substance of these sections remains the same, however. Thus, we will cite to the current code throughout this opinion.

ties. Accordingly, the claim reflected the same taxes set forth in the amended proof of claim and request for payment filed on the same day in Mr. Fullmer's proceeding. The IRS claim against Mrs. Fullmer did not include Mr. Fullmer's unpaid child support, and the interest and penalties assessed against Mrs. Fullmer were different due to the different petition dates.

Mr. and Mrs. Fullmer filed objections to the IRS's December 3, 1986, claims. After holding three hearings, the Bankruptcy Court entered an order on March 29, 1989, allowing the IRS's claims in full. The Fullmers appealed the Bankruptcy Court's decision to the District Court which affirmed the Bankruptcy Court's decision. The Fullmers now challenge both decisions.

## II.

The Fullmers assert a number of factual and legal errors in this appeal. They claim (1) the evidence before the Bankruptcy Court did not support the IRS's claims; (2) the Bankruptcy Court erred in finding the Fullmers did not operate their business as a corporation; (3) the IRS incorrectly applied portions of the $38,296.86 payment to postpetition interest and penalties that accrued prepetition; (4) the IRS was required to apply the $38,296.86 payment according to Mr. Fullmer's direction; and (5) the IRS incorrectly applied portions of the $38,-296.86 payment to child support obligations.

### A. Challenges to Factual Findings

■ We first focus on the Fullmers' challenges to the Bankruptcy Court's factual findings. In doing so we note that we must accept the factual findings of the bankruptcy court unless they are clearly erroneous. Bankr.Rule 8013, 11 U.S.C. (1988); *Branding Iron Motel, Inc. v. Sandlian Equity, Inc. (In re Branding Iron Motel, Inc.)*, 798 F.2d 396, 399 (10th Cir. 1986).

The Fullmers assert that the evidence before the Bankruptcy Court did not support the validity and amount of the IRS's claims and thus the claims were improperly allowed. The tax claims at issue here included debts that arose prepetition, postpetition and postconfirmation. We will address the Fullmers' challenges to these claims in the order in which the debts arose.

■ Mr. Fullmer objects to the allowance of the IRS's claim reflecting a prepetition liability in excess of the amount set out in the July 26, 1984, order. Prepetition claims are asserted by means of a proof of claim. 11 U.S.C. § 501 (1988). A properly filed proof of claim is prima facie evidence of the validity and amount of the claim. 11 U.S.C. § 502(a) (1988); Bankr.Rule 3001(f), 11 U.S.C. (1988). This evidentiary presumption remains in force even though an objection to the claim is filed by a party in interest. *In re Wells*, 51 B.R. 563, 566 (D.Colo.1985). To overcome this prima facie effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim. *Id.* Only then is the ultimate burden of persuasion with the proponent of the proof of claim. *Id.*

In contesting the IRS's amended proof of claim against him, Mr. Fullmer failed to produce any evidence except to assert that all prepetition taxes had been paid pursuant to the July 26, 1984, order setting his potential liability at $38,296.86. Mr. Fullmer's assertion was based on his contention that the order was dispositive of the amount of his prepetition tax indebtedness. The order expressly stated, however, that the $38,296.86 represented only Mr. Fullmer's *potential* liability. This potential liability was subject to verification of the payments Mr. Fullmer claimed to have made to the IRS. After reviewing evidence presented by the IRS, the Bankruptcy Court apparently found Mr. Fullmer's representations regarding the payments to be false.[2] Thus, the Bankruptcy Court was

---

**2.** Mr. Fullmer claims this evidence was improperly admitted by the Bankruptcy Court. He contends that the July 26, 1984, order was a final judgment and thus the IRS's presentation of the evidence should be characterized as a motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. We find no merit to this contention.

entitled to find that Mr. Fullmer had failed to bring forward evidence equal in probative force to that underlying the proof of claim in objecting to the IRS's amended proof of claim.

Mrs. Fullmer contends the evidence before the Bankruptcy Court did not support the IRS's assertion that she was a partner in Mr. Fullmer's business and thus the proof of claim against her was improperly allowed. The proof of claim filed in Mrs. Fullmer's bankruptcy proceeding also had a prima facie effect, however, which shifted to Mrs. Fullmer the burden of bringing forth rebuttal evidence of equal probative force. There is no indication in the record that Mrs. Fullmer brought forth any evidence whatsoever to rebut the IRS's assertion that she was a partner in Mr. Fullmer's business. Thus, the Bankruptcy Court was entitled to find that Mrs. Fullmer failed to meet her evidentiary burden of production.

■ Mr. Fullmer further challenges the Bankruptcy Court's findings with respect to the IRS's claim for taxes arising postpetition against the bankruptcy estate. Postpetition claims are asserted against a debtor's bankruptcy estate through a request for payment of administrative expenses. 11 U.S.C. § 503(a) (1988). Claims set forth in such requests for payment do not enjoy the same presumption of correctness as those asserted by proofs of claim. *See In re 9085 E. Mineral Office Bldg., Ltd.*, 119 B.R. 246, 249 (Bankr.D.Colo.1990) (burden of proof is on applicant to establish entitlement to administrative expenses). The record fully supports, however, the IRS's claim for taxes incurred postpetition by the bankruptcy estate. Thus, we affirm the Bankruptcy Court's findings with respect to these claims.

■ We cannot affirm, however, the Bankruptcy Court's allowance of that portion of the IRS's request for payment reflecting taxes arising postconfirmation. The government concedes that requests for payment of administrative expenses may only be filed to recover taxes incurred by the bankruptcy estate pursuant to 11 U.S.C. § 503(b)(1)(B)(i) (1988). Brief for Appellee at 6 n. 5. The request for payment filed by the IRS on December 3, 1986, incorrectly included a claim for taxes incurred after Mr. Fullmer's plan was confirmed. Upon confirmation, Mr. Fullmer, and not the bankruptcy estate, began to incur these taxes. Thus, as the government concedes, the IRS's request for payment of administrative expenses was excessive in the amount of $13,254.35. We remand this issue to the Bankruptcy Court for further proceedings.

■ Finally, we affirm the Bankruptcy Court's finding that the Fullmers did not operate their business as a corporation and thus they were personally liable for its debts. This finding is amply supported by the record. The IRS presented evidence showing that aside from filing a corporation charter the Fullmers had never filed any annual reports with the secretary of state's office and had never filed any corporate income tax returns with the IRS. Whether or not this evidence was hearsay, the Fullmers failed to timely object to its introduction on that ground. Thus, the evidence was properly considered by the Bankruptcy Court. *See Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1331 (10th Cir.1984).

### B. Challenges to Legal Conclusions

■ We now consider the Fullmers' legal challenges. We note that we review questions of law de novo. *Northern Natural Gas Co. v. Grounds*, 931 F.2d 678, 681 (10th Cir.1991).

■ Mr. Fullmer objects to the IRS's application of portions of his $38,296.86 payment to postpetition interest and penalties that accrued on his prepetition tax debts. Mr. Fullmer contends that the IRS improperly exacted payment for these debts from the bankruptcy estate. We do not dispute the contention that unmatured interest, including interest accruing postpetition on a prepetition tax debt, is disallowed against the bankruptcy estate pursuant to 11 U.S.C. § 502(b)(2). However, Mr. Fullmer paid the IRS the $38,296.86 after his plan was confirmed. Thus, the pay-

ment was made by him personally and not by the bankruptcy estate. *See* 11 U.S.C. § 1141(b) (confirmation of plan vests property of estate in debtor). Interest that accrues postpetition on a nondischargeable prepetition tax debt survives bankruptcy as a personal liability.[3] *See Bruning v. United States*, 376 U.S. 358, 360, 84 S.Ct. 906, 907, 11 L.Ed.2d 772 (1964). *See also Allen v. Romero*, 535 F.2d 618, 623 (10th Cir. 1976) (interest continues to accrue on nondischargeable debt). Furthermore, tax penalties imposed pursuant to a nondischargeable tax debt are nondischargeable pursuant to 11 U.S.C. § 523(a)(7) (1988) and thus survive bankruptcy as a personal liability as well. Because Mr. Fullmer remained personally liable for both the postpetition interest and the penalties that accrued on his prepetition debt, the IRS was entitled to apply a portion of his personal payment to these debts.

■ Mr. Fullmer further contends that he was entitled to direct to which debts his payments to the IRS would be applied. According to Mr. Fullmer, the IRS improperly applied his payments to his prepetition tax debt rather than his postpetition tax debt as he had directed.[4]

■ As a general rule, a taxpayer can direct how voluntary payments are to be applied. *O'Dell v. United States*, 326 F.2d 451, 456 (10th Cir.1964). A taxpayer cannot direct the application of involuntary payments, however.[5] *Id.* The issue before us, therefore, is whether the payments Mr. Fullmer made to the IRS pursuant to his Chapter 11 proceeding were voluntary or involuntary. We join the Third, Sixth and Ninth Circuits in holding that such payments are involuntary. *See In the Matter of Ribs–R–Us, Inc.*, 828 F.2d 199, 203–04 (3d Cir.1987); *Du Charmes & Co. v. Michigan (In re DuCharmes & Co.)*, 852 F.2d 194, 196 (6th Cir.1988); *United States v. Technical Knockout Graphics, Inc. (In re Technical Knockout Graphics, Inc.)*, 833 F.2d 797, 802–03 (9th Cir.1987). To interpret such payments otherwise would be inconsistent with the realities of bankruptcy where a debtor is required to make such payments pursuant to an express judicial order. Thus, we conclude that Mr. Fullmer was not entitled to direct the application of his payments to any particular tax liability.

■ Mr. Fullmer further objects to the IRS's application of some of his payment to unpaid child support pursuant to the child support assessment program set out in 26 U.S.C. § 6305(a). Section 6305(a) allows states, with approval from the HHS, to collect past-due child support through the IRS collection mechanism. Mr. Fullmer denies that he is liable under any state court decision for the child support claimed by the IRS pursuant to § 6305(a). Thus, he contends, the IRS improperly applied a portion of his payment toward child support.

Putting aside for the moment Mr. Fullmer's bankruptcy proceeding, we note that § 6305(b) expressly divests all federal tribunals of jurisdiction over any action "brought to restrain or review the assessment and collection of amounts" sought pursuant to § 6305(a).[6] Thus, on its face,

---

3. Mr. Fullmer's prepetition tax liability was entitled to priority under 11 U.S.C. § 507(a)(7) (1988) and thus rendered nondischargeable by 11 U.S.C. § 523(a)(1) (1988).

4. Mr. Fullmer concedes that the IRS is entitled to collect interest and penalties on taxes arising postpetition against the bankruptcy estate. We note that while 11 U.S.C. § 503 (1988) defines administrative expenses as "including" postpetition taxes and penalties associated with those taxes, the statute does not explicitly mention the interest owed on a postpetition tax liability. A number of courts faced with this issue, however, have determined that a claim for interest on postpetition tax liability is entitled to administrative expense priority. *See, e.g., United States v. Cranshaw (In re Allied Mechanical Ser-*

vices, Inc.), 885 F.2d 837, 839 (11th Cir.1989), *United States v. Ledlin (In re Mark Anthony Constr., Inc.)*, 886 F.2d 1101, 1105–06 (9th Cir. 1989).

5. We note that the United States Supreme Court has ruled that the bankruptcy court may direct the allocation of payments made pursuant to a Chapter 11 proceeding. *United States v. Energy Resources Co.*, 495 U.S. 545, 546, 110 S.Ct. 2139, 2140, 109 L.Ed.2d 580 (1990).

6. Section 6305(b) provides as follows:

No court of the United States, whether established under article I or article III of the Constitution, shall have jurisdiction of any action, whether legal or equitable, brought to

§ 6305(b) prevents us ·from entertaining Mr. Fullmer's objections regarding the IRS's child support assessment against him. The District Court found this to be the case ·and, accordingly, abstained from reviewing the assessment. In a bankruptcy proceeding, however, federal district courts are granted jurisdiction over all civil proceedings arising under Title 11 or arising in or related to cases ·under Title 11 "[n]otwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts." 28 U.S.C. § 1334(b) (1988). Thus, federal court jurisdiction over ·Mr. Fullmer's claim of nonliability for the child support collected by the IRS must be assessed in light of both 26 U.S.C. § 6305(b) and 28 U.S.C. § 1334(b).[7]

In addressing this jurisdictional question, we begin with the basic principle that federal district courts "are courts of limited jurisdiction and Congress, as allowed by the Constitution, must expressly grant them the power and authority to hear and decide cases." *Frank v. Arnold (In re Morrissey)*, 717 F.2d 100, 102 (3d.Cir.1983). Congress has not merely refused to grant federal district courts jurisdiction over a review of child support assessments made pursuant to § 6305(a), however. Rather, Congress has unambiguously prohibited federal courts from undertaking such review. Thus, there can be no nexus between such a proceeding and a bankruptcy case, which is inherently federal in nature.

The jurisdictional grant contained in § 1334(b) is dependent on such a nexus. Thus, § 1334(b) cannot operate to supply the jurisdiction over child support assessments Congress has so· deliberately withheld. This view is wholly consistent with the reasoning underlying the jurisdictional limitation contained in § 6305(b), which has been described as follows:

> The individual state agencies make the original certification of amounts due from the defaulting parents and these agencies ultimately receive the disputed money as reimbursement for funds they have spent in aid to dependent children. Any action to test the validity of the original certification and to recover any funds· wrongfully withheld should logically be brought against the state agency involved. It is the congressional intent that these actions be heard in the individual state court systems, and not in the federal court system.

*Swain v. Swain*, 604 F.Supp. 181, 184 (S.D.Miss.1984). *See also Prestwich v. Internal Revenue Serv.*, 796 F.2d 582, 584 (1st Cir.1986) (Section 6305(b) "reflects the logical intent of Congress to keep the IRS from becoming embroiled in matters between states and individuals in which the federal agency has no direct involvement"). Considering these supporting policies, we conclude the jurisdictional limitation contained in § 6305(b) fully applies in the context of a bankruptcy proceeding.[8] Thus,

---

restrain or review the assessment and collection of amounts by the Secretary under subsection (a), nor shall any such assessment and collection be subject to review by the Secretary in any proceeding. This subsection does not preclude any legal, equitable, or administrative action against the State by an individual in any State court or before any State agency to determine his liability for any amount assessed against him and collected, or to recover any such amount collected from him, under this section.

7. Mr. Fullmer raises this issue by invoking the Bankruptcy Court decision of *In re Biddle*, 31 B.R. 449 (Bankr.N.D.Iowa 1983). The bankruptcy court in *Biddle* relied improperly on a statutory scheme the United States Supreme Court had previously struck down as unconstitutional in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). That statutory scheme

was subsequently repealed in its entirety by the Bankruptcy Amendments and Federal Judgeship Act of 1984. *See Securities and Exchange Comm'n v. Danning (In re Carter)*, 759 F.2d 763, 764–75 (9th Cir.1985); *Thistlethwaite v. First Nat'l Bank (In re Exclusive Industries Corp.)*, 751 F.2d 806, 807 n. 1 (5th Cir.1985). Federal district courts retain, however, the jurisdiction previously granted them by the ill-fated statutory scheme through the enactment of 28 U.S.C. 1334(b). Thus, although the *Biddle* decision invoked by Mr. Fullmer was incorrect, the issue raised by that case remains.

8. We note that our interpretation of § 6305 in a bankruptcy context renders all tax claims filed in a bankruptcy proceeding pursuant to that section irrebuttable with regard to the validity and amount of a properly certified child support assessment. Because Mr. Fullmer has not challenged whether the certification procedure

the Bankruptcy and District Courts were barred from reviewing the validity of the child support assessment.

 Mr. Fullmer argues that even if the child support assessment was proper, the assessment did not have priority as a tax claim pursuant to 11 U.S.C. § 507(a)(7), and thus was discharged. Section 6305(a) provides, however, that the IRS is to collect the child support assessment in the same manner as if the amount were a tax imposed by Subtitle C of the Internal Revenue Code. Subtitle C deals with employment taxes, which are entitled to priority and excepted from discharge under §§ 507(a)(7) and 523(a)(7). As Congress has expressly directed that child support assessments made pursuant to § 6305(b) receive the same treatment as these nondischargeable taxes, we conclude such child support assessments are nondischargeable in a bankruptcy proceeding.

Mr. Fullmer argues alternatively that the child support assessments in this case were subordinate to all of his other tax debts pursuant to 26 U.S.C. § 6402(c) (1988). Thus, he argues, the IRS incorrectly applied a portion of his payments to child support before his other tax debts were satisfied. Section 6402 provides for the application of overpayments to delinquent child support. Thus, it inherently requires preliminary satisfaction of outstanding tax debts. The child support assessments at issue in this case, however, were collected pursuant to § 6305 which has no such requirement. Thus, Mr. Fullmer's contention is without merit.

## CONCLUSION

We AFFIRM both the Bankruptcy Court's and the District Court's decisions in this case with respect to the IRS's prepetition claims against Mrs. Fullmer. We likewise AFFIRM these decisions with respect to the IRS's prepetition claims and postpetition, preconfirmation claims against Mr. Fullmer. Furthermore, we see no error in the IRS's application of payments made by Mr. Fullmer in the context of his Chapter 11 proceeding. We REVERSE, however, the Bankruptcy Court's allowance of that portion of the IRS's claim reflecting Mr. Fullmer's postconfirmation tax debt and REMAND that issue to the Bankruptcy Court for further proceedings.

---

in his case was properly followed, however, we need not decide whether federal jurisdiction over that issue would also be barred by § 6305(b).