Jessie **SHORT**, et al., Plaintiffs,

v.

The **UNITED STATES**, Defendant.

No. 102–63.

United States Court of Federal Claims.

Dec. 17, 1996.

Robert S. Venning, with whom were Weyman I. Lundquist, Michael I. Greenberg, and William C. Wunsch, San Francisco, CA; and William K. Shearer, San Diego, CA, for plaintiffs.

Pamela S. West, Civil Division, U.S. Department of Justice, Washington, DC, for defendant.

## ORDER

MARGOLIS, Judge.

Plaintiffs have moved for an order releasing all setoffs for unpaid child support asserted by the government against the funds held in the *Short* Judgment Account. Plaintiffs argue that the government has no right to claim setoffs for these debts because there is no mutuality of obligation between the individual *Short* plaintiffs/debtors and the federal government. The government argues that, under the statutory scheme that authorizes the federal government to collect unpaid child support on behalf of the states, this Court lacks jurisdiction to review the govern-

ment's current efforts to collect these debts as setoffs against the *Short* Judgment Account. After carefully considering the briefs and oral argument by both parties, the Court concludes that it has no jurisdiction to interfere with the government's efforts to collect unpaid child support from the individual *Short* plaintiffs. Therefore, plaintiffs' motion for an order releasing these setoffs is denied.

## FACTS

In July 1993, this Court entered a final judgment in favor of plaintiffs, and awarded plaintiffs $57 million in damages. In an effort to ensure that the judgment monies would be efficiently and promptly disbursed, thus bringing true closure to this epic case, the Court established detailed procedures for disbursing the judgment monies from the government to the individual *Short* plaintiffs. *See* Order Re: Disbursements, Deposits, and Payment of Judgments, December 21, 1995. As part of the distribution process, the Court authorized the government to identify and claim setoffs against the funds held in the *Short* Judgment Account. Section 4C(ii) of the Distribution Order specifically provides that "[a]ny set-off permitted by federal law may be claimed by defendant for any debt or debts, unpaid, but due and owing the United States or any agencies."

Acting pursuant to the Court's Distribution Order, the government notified plaintiffs' counsel by letter dated April 15, 1996, of numerous setoffs that the government was claiming against the *Short* Judgment Account. Included in the government's April 15 letter was a category of setoffs arising from unpaid child support obligations allegedly owed by 105 individual *Short* plaintiffs. According to the government, each of these *Short* plaintiffs had "outstanding liabilities to the Department of Health and Human Services as submitted for enforcement to the Internal Revenue Service, U.S. Department of the Treasury under 26 U.S.C. § 6305." Consequently, the government informed plaintiffs' counsel that these plaintiffs' share of the *Short* Judgment Account should be "withheld pending resolution of any collection action."

The government's efforts to set off these delinquent support payments from the *Short* Judgment Account were carried out under the aegis of a rather complex statutory scheme that permits the Department of Health and Human Services, acting through the Internal Revenue Service, to collect unpaid child support obligations from non-custodial, or absent, parents. The vast majority of unpaid obligations at issue in this case were, at some point in time, assigned to the State of California by the custodial parent as a condition to the custodial parent receiving welfare assistance.[1] The remaining past due support obligations were not assigned to the State but were amounts required to be collected by the State and payable directly to the custodial parent.[2]

In March 1996, acting under the authority of 42 U.S.C. § 652(b), the State of California requested the assistance of the Secretary of Health and Human Services ("HHS") in collecting the past due child support owed by the *Short* plaintiffs.[3] Attorneys for Hum-

---

1. Federal welfare legislation specifies that a State plan for aid to families with dependent children must

   provide that, as a condition of eligibility for aid, each applicant or recipient will be required—(A) to assign the State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and (ii) which have accrued at the time such assignment was executed.
   42 U.S.C. § 602(a)(26).

2. Federal welfare legislation also specifies that a State plan for aid to families with dependent children must

   provide that (A) the child support collection ... services established under the plan shall be made available to any individual not otherwise eligible for such services upon application filed by such individual with the State, including support collection services for the spouse (or former spouse) with whom the absent parent's child is living.
   42 U.S.C. § 654(6).

3. Section 452(b) of the Social Security Act, 42 U.S.C. § 652(b), allows states to request the assistance of the Department of Health and Human Services in collecting unpaid child support obligations, like those in the present case, that have been assigned to the state under § 602(a)(26), or that the state has undertaken to collect on behalf of the custodial parent pursuant to § 654(6). 42

boldt and Del Norte Counties submitted requests for each of the *Short* plaintiffs owing child support, titled "Application for Collection of Delinquent Child Support Payments by the Internal Revenue Service," to HHS's Office of Child Support Enforcement ("OSCE"), using standard Form OSCE–20. After reviewing all of the Applications for Collection, OSCE certified the claims to the Internal Revenue Service ("IRS") for collection under 26 U.S.C. § 6305, the "Full Collection Statute."

Upon receipt of the HHS certification, the IRS began the collection process. The IRS sent each of the delinquent *Short* plaintiffs a 60 day notice, as authorized by 26 U.S.C. § 6305(a)(4), indicating that unless the past due child support was paid within 60 days, the IRS would "enforce collection of [the unpaid] amount in the same manner as overdue taxes. Our authority includes levying on wages, and filing notices of liens against, and seizing and selling property." Finally, on April 15, 1996, the government informed plaintiffs' counsel that the amounts owed by the *Short* plaintiffs to the IRS under § 6305(a) would be set off from the *Short* Judgment Account.

## DISCUSSION

Plaintiffs object to the government's assertion of setoffs for unpaid child support on the grounds that these debts are not "due and owing the United States or any agencies" as required by the Court's Distribution Order and the law of setoffs. Plaintiffs argue that the federal government, acting through the Department of Health and Human Services and the Internal Revenue Service, was merely acting as a collector for the State of California when it sought to collect delinquent child support payments from the *Short* plaintiffs under 26 U.S.C. § 6305. Because the federal government was acting only as a collector, plaintiffs argue, these unpaid child support obligations are not owed to the fed-

eral government and setoff of these debts is not warranted.

In response, defendant argues that the Full Collection Statute, 26 U.S.C. § 6305, bars this Court from exercising its jurisdiction to release the setoffs for unpaid child support claimed by the government. The government relies on the plain language of § 6305(b), which provides that "[n]o court of the United States, whether established under article I or article III of the Constitution, shall have jurisdiction of any action, whether legal or equitable, brought to restrain or review the assessment and collection of amounts by the Secretary under subsection (a)." 26 U.S.C. § 6305(b).

The Court agrees with the government's position that judicial review of the government's efforts to collect unpaid child support obligations from the *Short* plaintiffs is barred by the plain language of § 6305(b). First, this Court, as an article I court, is clearly subject to the jurisdictional limitations contained in § 6305(b). 26 U.S.C. § 6305(b). In addition, the action requested by plaintiffs falls squarely within the scope of judicial actions prohibited by § 6305(b). If this Court were to issue the order plaintiffs request, and release the setoffs claimed by the government, the Court would in effect be prohibiting the federal government from collecting the child support debts owed by the *Short* plaintiffs. Such an order would, in this Court's view, restrain the government's efforts to assess and collect these unpaid obligations.[4] Similarly, a ruling by this Court on the substance of plaintiffs' argument that the child support setoffs are not debts due and owing to the federal government—that is, in effect, that the federal government is not entitled to receive these monies—would entangle the Court in a review of the collection and assessment process. It logically follows, therefore, that under § 6305(b), this Court

U.S.C. § 652(b); *see also* 42 U.S.C. §§ 602(a)(26), 654(6).

4. At oral argument, plaintiffs' counsel was asked to explain how the Court could issue an order releasing the child support setoffs without restraining or reviewing the government's collection efforts. Plaintiffs argued that a release or-

der would not restrain the process, but instead would "just not facilitat[e]" collection from the *Short* plaintiffs. *See* Tr. at 14–15. The Court is not persuaded by plaintiffs' efforts to characterize the impact of a release order as falling outside the scope of § 6305(b).

lacks jurisdiction to grant the relief plaintiffs seek.

Plaintiffs argue, however, that § 6305(b) does not bar the Court from releasing the child support setoffs because the *Short* case "is *not* an action 'brought to restrain or review' the collection of an assessment under Section 6305(a). *Short* is a separate lawsuit, over which this Court has indisputable jurisdiction, in which the government improperly claims set-offs contrary to established legal principles." Pls' Reply at 2. According to plaintiffs, § 6305(b) does not bar this Court from reviewing the child support setoffs claimed by the government because there are two statutes—28 U.S.C. § 1503 and 28 U.S.C. § 2508—that specifically grant this Court jurisdiction to render judgment on setoffs claimed by the United States.[5]

Although plaintiffs are correct in pointing out that § 1503 and § 2508 give this Court authority to render judgment upon setoffs generally, plaintiffs' argument that these provisions somehow override § 6305(b)'s jurisdictional bar is simply wrong. In reaching this conclusion, the Court first notes that the Court of Federal Claims, like all federal courts, is a court of limited jurisdiction. *Kanemoto v. Reno,* 41 F.3d 641, 644 (Fed.Cir. 1994). In practical terms, this means that "Congress has the constitutional authority to define the jurisdiction of the lower federal courts, and, once the lines are drawn, 'limits upon federal jurisdiction . . . must be neither disregarded nor evaded.'" *Keene Corp. v. United States,* 508 U.S. 200, 207, 113 S.Ct. 2035, 2040, 124 L.Ed.2d 118 (1993) (quoting *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 2402–03, 57 L.Ed.2d 274 (1978)) (citations omitted). The jurisdictional lines that were drawn by Congress in § 6305(b) clearly prohibit this Court from reviewing the child support setoffs claimed by the government in the present case. Although § 1503 and § 2508 permit the Court of Federal Claims, generally, to exercise jurisdiction over setoffs claimed by the government, § 6305(b) clearly and unambiguously *removes* that jurisdiction with respect to monies being collected by the IRS under 26 U.S.C. § 6305(a).

A similar conclusion was reached by the Tenth Circuit in *Fullmer v. United States,* 962 F.2d 1463 (10th Cir.1992). In that case, a debtor in bankruptcy challenged the IRS's efforts to collect unpaid child support under § 6305(a). *Id.* at 1468. In arguing that § 6305(b) did not bar the bankruptcy court from considering his challenge, the debtor argued that the bankruptcy laws—which grant the district courts exclusive jurisdiction over all cases "arising under Title 11 or arising in or related to cases under Title 11"—provided an adequate and independent jurisdictional basis for the district court to review the IRS's collection and assessment efforts. *Id.* at 1468–69. The district court rejected the debtor's argument, and refused to review the government's collection efforts. *Id.* at 1469. On appeal, the Tenth Circuit affirmed the district court's decision. *Id.* According to the Tenth Circuit, by enacting § 6305(b) "Congress has not merely refused to grant federal district courts jurisdiction over a review of child support assessments made pursuant to § 6305(a), however. Rather, *Congress has unambiguously prohibited federal courts from undertaking such review.*" *Id.* (emphasis added). The court concluded that the jurisdictional grant contained in the bankruptcy laws "cannot operate to supply the jurisdiction over child support assessments Congress has so deliberately withheld." *Id.*

Although *Fullmer* concerned the interplay between § 6305(b) and the bankruptcy laws, the logic of *Fullmer* is instructive to the current controversy. Although this Court does have jurisdiction under § 1503 and § 2508 to render judgments on setoffs asserted by the government, these sections cannot be construed to override § 6305(b), which clearly prohibits federal courts from reviewing or restraining the government's

---

5. Section 1503 provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any set-off or demand by the United States against any plaintiff in such court." 28 U.S.C. § 1503. Section 2508 provides that "[u]pon the trial of any suit in the United States Court of Federal Claims in which any setoff . . . is set up on the part of the United States against any plaintiff making claim against the United States in said court, the court shall hear and determine such claim or demand . . . ." 28 U.S.C. § 2508.

efforts to collect child support payments under § 6305(a). Consequently, this Court lacks the jurisdiction to grant the relief plaintiffs seek.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for an order releasing all setoffs for unpaid child support asserted by the government against the *Short* Judgment Account under 26 U.S.C. § 6305(a) is denied.